<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SILVIA RANGEL,<br><br>    *Plaintiff*,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    *Defendant.* | Civil Action No. 15-5826<br><br>OPINION |

       This matter comes before the Court by way of Defendant Commissioner of Social Security Administration's ("Commissioner") Motion to Remand. Dkt. No. 8. Plaintiff Silvia Rangel ("Plaintiff") filed a cross-motion for judgment as a matter of law, arguing that award of benefits, rather than remand, is appropriate, Dkt. No. 9. The Court did not hear oral argument pursuant to Fed. R. Civ. P. 78. For the reasons stated below, the Commissioner's motion is **GRANTED** and Plaintiff's motion is **DENIED**.

**I.   BACKGROUND**

       On May 29, 2012, Plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act. Tr. 193-99, 214, Dkt. No. 5. After being denied at the initial level of review, Tr. 113-17, Plaintiff's claim was denied on reconsideration on January 31, 2013, Tr. 119-21. Plaintiff then filed a request for an administrative hearing, which was held before an Administrative Law Judge (the "ALJ") on February 11, 2014. Tr. 43-81. During the hearing, the ALJ questioned Rocco Meola, a vocational expert, regarding Plaintiff's ability to perform any jobs existing in the national economy. Tr. 77-80. Mr. Meola testified that Plaintiff was incapable of

performing any jobs in the national economy.  Tr. 77-80.  The ALJ ended the hearing without receiving further testimony on the issue.  On June 12, 2014, the ALJ issued a written decision finding that Plaintiff was not disabled because "jobs exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a))."  Tr. 35.  This finding was exclusively "[b]ased on the interrogatory response of [Victor Alberigi]," a second vocation expert to whom the ALJ had submitted interrogatories nine days after the administrative hearing.  Tr. 263-66.  Plaintiff was never notified that interrogatories were sought from a second vocational expert, nor given an opportunity to cross-examine the second vocational expert about his answers.  On July 10, 2015, the ALJ's finding became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review.  Tr. 1-9.

On July 29, Plaintiff commenced this action under the Social Security Act, 42 U.S.C. § 405(g), requesting review of the denial of his claim by the Commissioner.  Dkt. No. 1.  In accordance with Local Rule 9.1(d)(1), Plaintiff filed a statement contending she is entitled to relief because the ALJ ignored the first vocational expert's testimony that Plaintiff could not perform any jobs that exist in significant numbers.  Dkt. No. 6.  On October 22, 2015, the Commissioner informed Plaintiff that the Appeals Council agreed to accept a voluntary remand of the case based on the ALJ's error Plaintiff identified.  Dkt. No. 7.  After Plaintiff refused to agree to voluntarily remand, the Commissioner filed the instant motion.

## II.  LEGAL STANDARD

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g).  The Court must affirm the Commissioner's decision if it's supported by substantial evidence.  Id.; Markle v. Barnhart, 324 F.3d 182, 187 (3d Cir. 2003).  In this case, the parties agree that the Commissioner's decision is not supported by substantial evidence.  Accordingly, the only

issue before the Court is whether to remand the case for a rehearing or to reverse the Commissioner's decision and award Plaintiff benefits.

Under sentence four of 42 U.S.C. § 405(g), a district court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Id. A "sentence four" remand is appropriate in a number of situations, including where the ALJ "fail[s] to address evidence in direct conflict with his/her findings . . . ," Landeta v. Comm'r of Soc. Sec., 191 Fed. App'x 105, 110 (3d Cir. 2006) (citing Cotter v. Harris, 642 F.2d 700, 707 (3d Cir. 1981)), or "chooses to go outside the testimony adduced at the hearing in making a determination on a social security claim" without giving the claimant an opportunity to "comment and present evidence" and "cross-examine the authors of any post hearing reports . . . ," Wallace v. Bowen, 869 F.2d 187, 193 (3d Cir. 1989).

A district court should decline to remand, and instead award benefits, "when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the Claimant is disabled and entitled to benefits." Gilliland v. Heckler, 786 F.2d 178, 184 (3d Cir. 1986) (citations omitted).  In such a case, "it is unreasonable for the court to give the ALJ another opportunity to consider new evidence concerning the disability because the administrative proceeding would only result in further delay in the receipt of benefits." Id. at 185 (citations omitted).  "Such a decision is especially appropriate when the disability determination process has been delayed due to factors beyond the claimant's control." Brownawell v. Comm'r of Soc. Sec., 554 F.3d 352, 358 (3d Cir. 2008) (citations omitted).

3

**III. ANALYSIS**

Here, the Commissioner acknowledges that the ALJ failed to develop and evaluate the evidence properly and requests the final decision be remanded pursuant to sentence four of 42 U.S.C. § 405(g). Dkt. Nos. 6, 8, 10. Specifically, the Commissioner notes that the ALJ erred by failing to "resolve the conflict in testimony between the vocational experts." Mot. to Remand at 4. The Commission is correct that the ALJ committed reversible error by failing to discuss conflicting evidence. In addition, the ALJ erred by failing to give Plaintiff the required notice that she was entitled to a supplemental hearing to cross-examine the second vocational expert on his answers to the post-hearing interrogatories. Based on these errors, the Court vacates the Commissioner's final decision and remands the matter for further consideration pursuant to 42 U.S.C. § 405(g).

    1. <u>Failure to Address Conflicting Findings</u>

During Plaintiff's February 11, 2014 administrative review hearing, the ALJ questioned Rocco Meola, a vocational expert, to determine whether Plaintiff could perform any jobs in the national economy. Tr. 77-80. After the ALJ described someone with Plaintiff's Residual Functional Capacity ("RFC"), Mr. Meola responded that such a person would be incapable of performing jobs in the national economy. Tr. 78. The ALJ then concluded the hearing.

Contrary to Mr. Meola's testimony, the ALJ ultimately concluded "there are jobs that exist in significant numbers in the national economy that the claimant can perform." Tr. 35 (citations omitted). In support of his conclusion, the ALJ relied exclusively on a post-hearing interrogatory completed by a second vocational expert, Victor Alberigi, which lists three jobs in the national economy that Plaintiff can perform. Tr. 35, 266. Generally, an ALJ's reliance on the interrogatory answers of a second vocational expert is appropriate. <u>See e.g.</u>, <u>Quinones v. Astrue</u>, 672 F. Supp.

2d 612, 617 (D. Del. 2009); see also Social Security Administration's "Hearings, Appeals and Litigation Law Manual," HALLEX I-2-5-57 A ("An ALJ can use written interrogatories at any point in the adjudication process."). However, "an explanation from the ALJ of the reason why probative evidence has been rejected is required so that the reviewing court can determine whether the reasons for rejection were improper." Cotter, 642 F.2d at 706-07.

In this case, no part of the ALJ's decision addressed Mr. Meola's directly conflicting opinion that Plaintiff could not perform any jobs existing in the national economy. As a result, the ALJ's decision fails to provide an adequate basis for the reviewing court to determine whether the administrative decision is based on substantial evidence. Id. at 706. Remand is therefore warranted on this basis. See Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001) ("Where there is conflicting probative evidence in the record, we recognize a particularly acute need for an explanation of the reasoning behind the ALJ's conclusions, and will vacate or remand a case where such an explanation is not provided.").

    2.   Failure to Advise Plaintiff of Her Right to a Supplemental Hearing

Second, the Commissioner's decision should be remanded for failure to give Plaintiff an opportunity to cross-examine the second vocational expert. The Commissioner is mandated by statute to determine disability "on the basis of evidence adduced at the hearing." 42 U.S.C. § 405(b)(1). The administrative hearing is subject to considerations of due process. Richardson v. Perales, 402 U.S. 389, 401-02 (1971). "Reliance by the ALJ on a post-hearing report constitutes a violation of due process when the claimant is unable to cross-examine the author of that report." Gauthney v. Shalala, 890 F. Supp. 401, 408 (E.D. Pa. 1995) (citing Wallace, 869 F.2d at 193). To comport with due process requirements, the ALJ must "give plaintiff the required notice that he

was entitled to a supplemental hearing to cross-examine the vocational expert on his answers to the post-hearing interrogatories." Id.

Here, the ALJ relied on the post-hearing interrogatories of the second vocation expert to determine that Plaintiff had the RFC to perform jobs that existed in the national economy, thereby disqualifying Plaintiff from entitled to disability insurance benefits.  Tr. 35.  Plaintiff was not given notice that a second vocational expert had answered interrogatories or that Plaintiff "had the right to subpoena the vocational expert to another hearing."  Gauthney, 890 F. Supp. at 408-09.  Accordingly, remand is warranted.  See id. at 408.

3. Remand is Appropriate

Finally, Plaintiff moves the Court to reverse the Commissioner's decision and award benefits.  Dkt No. 9.  In certain circumstances, it may be appropriate to reverse an ALJ's decision without remand if the administrative record has been fully developed and "substantial evidence on the record as a whole indicates that the Claimant is disabled and entitled to benefits."  Gilliland, 786 F.2d at 184 (citations omitted).  However, "[w]here an ALJ does not address all of the evidence of record, the appropriate action is to remand for further proceedings, as a District Court has no fact-finding role in reviewing social security disability cases."  Zied v. Astrue, 347 Fed. App'x 862, 865 (3d Cir. 2009).  Here, remand is appropriate, because it will allow the ALJ to address "potential conflicts between the vocational expert[s'] testimony."  Nixon v. Colvin, No. 15-2395, 2016 WL 1532197, at *13 (D.N.J. April 15, 2016).[1]

Accordingly, the Commissioner's final decision is vacated and the matter is remanded pursuant to 42 U.S.C. § 405(g) for further proceedings consistent with this Order.

---

[1] After a court remands an action pursuant to sentence four of § 405(g), it must also enter final judgment that ends the action.  See Shalala v. Schaefer, 509 U.S. 292, 297-98 (1993).

## IV. CONCLUSION

For the foregoing reasons, the Commissioner's Motion to Remand, Dkt. No. 8, is **GRANTED** and Plaintiff's motion for judgment as a matter of law, Dkt. No. 9, is **DENIED**. An appropriate Order accompanies this Opinion.

Date: August 12, 2016    */s Madeline Cox Arleo*_____
　　　　　　　　　　　　　　　　　　　**MADELINE COX ARLEO**
　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**